UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RAYMOND FELDER,
individually and on behalf of a class,

                                                        Plaintiff,

vs.

CENTRAL PORTFOLIO CONTROL, INC.

                                                        Defendant.
-----------------------------------------------------------x

2:10-cv-02978 (SJF) (AKT)

AMENDED CLASS ACTION
COMPLAINT FOR VIOLATIONS
OF THE FAIR DEBT COLLECTION
PRACTICES ACT

<u>DEMAND FOR JURY TRIAL</u>

## I. PRELIMINARY STATEMENT

1. Plaintiff, Raymond Felder, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of Defendant Central Portfolio Control, Inc. who, *inter alia*, used false, deceptive and misleading practices and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that Central Portfolio Control Inc.'s collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory, common law, punitive and/or actual damages payable by the Defendant.

## II. PARTIES

6. Raymond Felder is a natural person.

7. At all times relevant to this complaint, Felder resided in Shirley, New York, Suffolk County and is a citizen of the State of New York.

8. At all times relevant to this complaint Central Portfolio Control, Inc. is a Corporation existing pursuant to the laws of Minnesota.

### III. JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims of Felder occurred within this federal judicial district and because Central Portfolio Control is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING PLAINTIFF

11. Sometime prior to October 26, 2009, Felder allegedly incurred a financial obligation to HSBC.

12. The HSBC obligation arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes.

13. Defendant contends that the HSBC obligation is in default.

14. The alleged HSBC obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Felder is, at all times relevant to this lawsuit, a "consumer" as that term is defined by

15 U.S.C. § 1692a(3).

16. Felder is informed and believes and on that basis alleges, that sometimes prior to October 26, 2009, the creditor of the HSBC obligation either directly or through intermediate transactions assigned, placed, transferred or sold the debt to LVNV FUNDING LLC and Central Portfolio Control, Inc. for collection.

17. Central Portfolio Control collects and attempts to collect debt incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and Internet.

18. Central Portfolio Control is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. On or about October 26, 2009, Central Portfolio Control mailed an initial collection letter, which is dated October 26, 2009 and which Felder received in the ordinary course of U.S. Mail ("10/26/2009 Letter"). A true and correct copy of the 10/26/2009 Letter is attached hereto as **Exhibit A**, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

20. The 10/26/2009 Letter was sent or caused to be sent by persons employed by Central Portfolio Control as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

21. The 10/26/2009 Letter was sent to Felder in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

22. The 10/26/2009 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23.    On information and belief, the 10/26/2009 Letter is a computer - generated form letter that is prepared for Central Portfolio Control and sent to consumers from whom it is attempting to collect a debt.

24.    In the top, right - hand corner of the 10/26/2009 Letter, it states, "Current Creditor: LVNV FUNDING LLC" and ""Total Balance Due: 2374.47."

25.    In Paragraph 2 of the 10/26/2009 Letter, Central Portfolio Control makes the following statements:

> "As of the date of this letter, you owe 2374.47. Because of interest, late charges, and other charges may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment If an adjustment is made, we may attempt to contact you again about the adjustment.."

26.    On information and belief, contrary to statement contained in Paragraph 2 of the 10/26/2009 Letter, at no time does Central Portfolio Control add "interest" to the consumer debts it seeks to collect.

27.    On information and belief, contrary to statement contained in Paragraph 2 of the 4/26/2010 Letter, at no time does Central Portfolio Control add "late charges" to the consumer debts it seeks to collect.

28.    On information and belief, contrary to statements contained in Paragraph 2 of the 10/26/2009 Letter, at no time does Central Portfolio Control add "other charges" to the consumer

debt it seeks to collect.

29. On information and belief, Central Portfolio Control is not permitted to add any "late charges" to the amount of the alleged debt it seeks to collect from consumers.

30. On information and belief, Central Portfolio Control is not permitted to add any "other charges" to the amount of the alleged debt it seeks to collect from consumers.

31. On information and belief, Central Portfolio Control will send subsequent collection letters to consumers offering substantial discounts off the amount sought in its initial collection letters in the event consumers do not remit payment in response to Defendant's initial collection letter.

32. Central Portfolio Control's statements in Paragraph 2 of the 10/26/2009 Letter are materially false, deceptive and misleading in that, *inter alia*, they falsely suggest to consumers that the amount of their respective debts will increase <u>daily</u> due to an undisclosed amount of "interest, late charges and other charges" that "may vary from day to day."

33. Central Portfolio Control's statements in Paragraph 2 of the 10/26/2009 Letter are materially false, deceptive and misleading in that, inter alia, they state the consumer may owe an additional undisclosed sum of money after payment is tendered to Defendant.

34. On information and belief, contrary to Statements contained in Paragraph 2 of the 10/26/2009 Letter, at no time does Central Portfolio Control continue to contact consumers to collect any additional undisclosed sums if the consumer pays the balance in full demanded in Defendant's initial collection letter.

35. Central Portfolio Control's statements in Paragraph 2 of the 10/26/2009 Letter are materially false, deceptive and misleading, in that, *inter alia*, Defendant will not contact the consumer to collect any additional undisclosed sums if the consumer pays the balance in full demanded on Defendant's initial collection letter.

36. Nowhere does the 10/26/2009 Letter disclose the date which the stated "Balance" was the full amount of the debt.

37. The 10/26/2009 collection Letter caused Plaintiff uncertainty and forced him to guess how much money she allegedly owed, how much money would accrue daily on her alleged debt, how much additional money he would owe if she paid the amount demanded in the 10/26/2009 Letter and if/when Central Portfolio Control's collection efforts would actually stop if he remitted the entire payment demanded.

38. The 10/26/2009 collection Letter would cause the least sophisticated consumer uncertainty and forced him to guess how much money he allegedly owed, how much money would accrue daily on his alleged debt, how much additional money he would owe if the amount demanded in the 10/26/2009 Letter was paid and when Central Portfolio Control's collection efforts would actually stop if he remitted the entire payment demanded.

39. Defendant intended that its materially false statements contained in the 10/26/2009 Letter cause Plaintiff and other consumers confusion about the exact amount of money allegedly owed.

40. Defendant intended that its materially false statements contained in the 10/26/2009

Letter cause Plaintiff and other consumers to incorrectly believe that they would benefit financially by immediately sending payment for the amount demanded in Defendant's initial collection letter rather than waiting to make such payment..

41. On information and belief, the statements contained in Paragraph 2 of the 10/26/2009 Letter that "late charges" and "other charges" would continue to accrue on Plaintiff's alleged debt constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

42. On information and belief, that statements contained in Paragraph 2 of the 10/26/2009 Letter that "an adjustment may be necessary"after Central Portfolio Control received Plaintiff's payment constitutes a false threat to take any action that cannot legally be taken or that is not intended to be taken.

## V.   POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendant's policy and practice to send initial written collection communications, in the form attached as **Exhibit A**, that violate the FDCPA by, inter alia:

   (a)   Using false, deceptive or misleading representations or means in connection with the collection of any debt;

   (b)   Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

   (c)   Failing to accurately state the amount of the alleged debt.

(d) Failing to name the creditor to whom the debt is owed.

44. On information and belief, Central Portfolio Control sent a written communication, in the form attached as **Exhibit A**, to at least 50 natural persons in the State of New York.

## VI. CLASS ALLEGATIONS

45. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

46. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom Defendant sent a written communication in the form attached as **Exhibit A** (c) in connection with Defendant's attempt to collect a debt on behalf of HSBC (d) which written communications violate the FDCPA (e) during a period beginning one year prior to the filing of this action and ending upon the service of this Amended Complaint.

47. The identities of all class members are readily ascertainable from the records of Central Portfolio Control and HSBC.

48. Excluded from the Plaintiff Class are the Defendant and all officers, members partners, managers, directors and employees of the Defendant and their respective immediate families and legal counsel for all parties to this action and all members of their immediate families.

49. There are questions of law and fact common to the Plaintiff Class, which common issues

predominate over any issues involving only individual class members. The principal issues are whether the defendant's written communications, in the form attached as **Exhibit A**, violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g(a)(1) and 1692g(a)(2).

50. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

51. The Plaintiff will fairly and adequately protect the interests of the Plaintiff class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions and neither the Plaintiff nor his attorney have any interests which might cause them not to vigorously pursue this action.

52. This action has been brought and may properly be maintained as a class action pursuant to the provisions to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) Numerosity: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above are so numerous that joinder of all members would be impractical.

(b) Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's written communications, in the form attached as **Exhibit A**, violate 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g(a)(1) and 1692g(a)(2).

(c) Typicality: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) Adequacy: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because the adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Central Portfolio Control, which, on information and belief, collects debt throughout the United States of America.

54. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also

appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

55.  Depending on the outcome of further investigation and Discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed.R.Civ.P.23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

56.  Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

57.  Defendant violated the FDCPA. Defendant's violations with respect to its written communications in the form Attached as **Exhibit A**, include, but are not limited to, the following:

   (a)  Using false, deceptive and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

   (b)  Making false threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

   (c)  Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(d) Failing to properly disclose the amount due in violation of 15 U.S.C. § 1692g(a)(1); and

(e) Failure to name the the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

**PRAYER FOR RELIEF**

58. **WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor of the Plaintiff Class as follows:

(i) An Order certifying that the Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Felder and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An Award of the maximum statutory damages for Felder and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B).

(iii) Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Uniondale, New York
         September 1, 2010

 

ABRAHAM KLEINMAN (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, New York  11556-0626
Telephone   (516) 522-2621
Facsimile   (888) 522-1692
E-Mail:     akleinman@kleinmanllc.com

EXHIBIT A



6640 Shady Oak Rd #300
Eden Prairie MN 55344-7710
(800) 918-2295 • (888) 315-2987
Hours of Operation: 8:00a.m. to 5:00p.m.
Monday - Friday

October 26, 2009

Raymond Felder
6 Appel Dr E
Shirley NY 11967-3604



| Account Summary | |
|---|---|
| **Current Creditor:** LVNV FUNDING LLC | **Reference #:** ~~70~~ |
| **Original Creditor Information:** HSBC BANK NEVADA NATIONAL ASSOCIATION | **Total Balance Due:** $2374.47 |
| RE: BEST BUY INTERNET | |

Dear Raymond Felder,

The above referenced creditor has referred your account to our office.

As of the date of this letter, you owe $2374.47. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence if you pay the amount shown above, an adjustment may be necessary after we receive your payment. If an adjustment is made, we may attempt to contact you again about the adjustment. For further information, write the undersigned or call (800) 918-2295

If you cannot pay the entire bill, call the telephone number above to make arrangements to pay.

For proper credit, mail your checks directly to this office. Please include the bottom portion of this notice with your remittance

Please refer to this account number 7021270328177935 on all correspondence with this office

Sincerely,

Bryan O'Toole
(800) 918-2295

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This collection agency is licensed by the Minnesota Department of Commerce.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

PLEASE SEE REVERSE SIDE FOR IMPORTANT PRIVACY INFORMATION
PARA ESPANOL POR FAVOR LLAMME AL NUMERO 1-800-918-2295
For Spanish please call 1-800-918-2295

---

*** Please detach below and return in the enclosed envelope with your payment ***

6640 Shady Oak Rd #300
Eden Prairie MN 55344-7710
ADDRESS SERVICE REQUESTED

| CURRENT CREDITOR | ACCOUNT NUMBER | CPC ACCOUNT # | ACCOUNT BALANCE |
|---|---|---|---|
| LVNV FUNDING LLC | ~~~~ | RSRHH93522 | $2374.47 |
| **PAYMENT OPTIONS** | | | |
| A. Western Union Quick Collect  B. Payment Online at  C. Payment By Mail | | Code City: CPC Code State MN  www.cpcpayments.com  Visa or Mastercard or Check | |
| ☐ Acct # _____ Exp Date _____ | | | |
| ☐ VISA     Signature _____ Amount $ _____ | | | |

October 26, 2009

#BWNKGZZ
#TYC7F187B8#   RSRHH93522-A420
Raymond Felder
~~~~

Central Portfolio Control, Inc
6640 Shady Oak Rd #300
Eden Prairie MN 55344-7710